CAROLINA FABELO, en su carácter de tutora de JUANA MARTÍN FABELO, demandante y apelada, *v.* ANDRÉS QUINTANA REYES, ENRIQUE RINCÓN y MARTÍN BORGES, los dos primeros por sí y en su carácter de fiadores de la sociedad civil QUINTANA & BORGES, y el último por sí y en su carácter de socio de dicha sociedad, demandados y apelantes.

Núm. 7029.—*Sometido:* Mayo 26, 1937. *Resuelto:* Abril 21, 1938.

*R. Padró Parés,* abogado de los apelantes; *Pedro G. Quiñones,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

En diciembre 23 de 1931 Carolina Fabelo, como tutora de Juana Martín Fabelo, radicó demanda de daños y perjuicios contra Andrés Quintana Reyes y Enrique Rincón, como fiadores en una fianza que se describirá más adelante, y contra Martín Borges y el mismo Andrés Quintana Reyes, como únicos socios de la firma Quintana & Borges, y contra cada uno de los tres en su carácter individual.

En la primera causa de acción la demanda alega, y se probó en el juicio, que allá para el mes de marzo de 1926 Quintana & Borges, como una entidad, entabló el pleito civil núm. 1182 ante la Corte de Distrito de San Juan contra Juana Martín Fabelo y Rafael Porras, para recobrar la posesión de un autocamión que la sociedad alegaba había sido comprado a los mismos demandados. También se alegó y probó que la demandante en el caso núm. 1182 tomó posesión del camión luego de prestar una fianza por el doble de su valor, conforme exigen los artículos 170 *et seq.,* del Código de Enjuiciamiento Civil, fianza que estaba suscrita por Andrés Quintana Reyes y Enrique Rincón, como fiadores. Otra alegación que fué probada era al efecto de que se dictó sentencia contra la demandante en el caso núm. 1182, supra, y tanto a la demandante como a los fiadores se les ordenó que devolvieran el camión a la allí demandada Juana Martín Fabelo, quien había demostrado ser la única dueña del vehículo; y que el camión nunca fué devuelto. Este vehículo fué tasado en $1,000.

En la segunda causa de acción se aducía la pérdida de los servicios del camión por razón del pleito a que ya nos hemos referido, servicios que se tasaron en la suma de $2,000.

Por la tercera y última causa de acción la demandante trataba de recobrar las costas y honorarios de abogado en el referido caso civil núm. 1182, ascendentes a $515.

De la opinión de la corte inferior se desprende que sólo Andrés Quintana Reyes fué citado en el procedimiento y que el pleito fué proseguido exclusivamente contra él. Éste presentó excepciones previas de falta de hechos en lo que a las dos primeras causas de acción se refería, y de prescripción, de acuerdo con los artículos 1868 y 1869 del Código Civil, en lo que a las dos últimas causas de acción se refería, excepciones que fueron declaradas sin lugar. Su contestación consistió en una negación general y específica de todas las alegaciones, y en una defensa especial en que alegaba que el camión siempre ha estado en posesión de un depositario, que la demandante tenía conocimiento de esto y que ella pudo haber obtenido posesión del mismo prestando la fianza provista por el artículo 175 del Código de Enjuiciamiento Civil.

Al terminar la prueba de la demandante, la parte demandada presentó una moción de *nonsuit* y luego sometió el caso en sus méritos, descansando en la alegada insuficiencia de la prueba de la demandante.

La corte inferior dictó sentencia en favor de la demandante por la suma de $1,300, ochocientos como valor del camión y quinientos como pérdida de ganancias en el uso del mismo.

En apelación el demandado señala dos errores, que leen:

"Primer Error: Erró la corte inferior al no declarar con lugar la excepción previa de no causa de acción.

"Segundo Error: Erró la corte al declarar sin lugar la moción de *nonsuit* presentada por el demandado."

En su discusión del primer error, el apelante considera que las dos primeras causas de acción de la demanda están comprendidas dentro de la acción conocida en derecho americano como "Trover in Conversion." Por más que hemos investigado, no hemos podido encontrar ese título. "Conversion," de acuerdo con el derecho común, era un elemento, y aún lo es, de la acción de "Trover." El apelante descansa casi enteramente en la anterior premisa, y, luego de excluir

la llamada acción de "Trover in Conversion" de las acciones en que nuestras cortes insulares tienen competencia, concluye que debió de haberse declarado con lugar la excepción previa.

Conforme tanto la corte inferior como la apelada han indicado, el argumento del apelante descansa en una base falsa. La acción en este caso no se funda en "Trover in Conversion," como insiste en llamarle el demandado, sino en una obligación contractual que surge de la fianza suscrita por Quintana en el caso número 1182 de la Corte de Distrito de San Juan, y en virtud de la cual se quitó la posesión del autocamión a Juana Martín Fabelo y se le dió a Quintana & Borges. (Véanse las secciones 173 y 175 del Código de Enjuiciamiento Civil.) Esto resuelve suficientemente el primer error.

El segundo señalamiento ataca la denegación de la moción de *nonsuit*. Conviene consignar en este momento que la práctica de copiar la exposición del caso en el alegato del apelante, según se hizo en este caso, y como único fundamento para sostener un señalamiento de error, no es recomendable. El apelante debe por lo menos señalar y discutir incidentes precisos en que la evidencia es insuficiente. Por esta sola razón, y considerando además la presunción que existe de que toda sentencia es correcta, podríamos muy bien desestimar el segundo señalamiento. Sin embargo, hemos estudiado dicha exposición del caso, la cual hemos encontrado confusa y pobremente redactada, y como resultado de dicho examen hemos concluído que la moción de *nonsuit* fué correctamente denegada.

Bajo estas circunstancias, y en ausencia de evidencia alguna por parte del demandado, no existe otra alternativa que la de *confirmar la sentencia apelada*.