EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ RAMÓN GUZMÁN, acusado y apelante.

Núm. 9650.—*Sometido:* Febrero 9, 1943. *Resuelto:* Marzo 25, 1943.

*Frank Torres,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis-Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

José Ramón Guzmán fué acusado ante la Corte de Distrito de Ponce de un delito de homicidio involuntario y celebrado el juicio el jurado rindió veredicto de culpabilidad y la corte lo sentenció a cumplir dos años de cárcel. El acusado en el presente recurso de apelación alega que la corte inferior cometió seis errores, a saber: "1, al no ordenar que el acusado o su abogado se tramitaran (*sic*) al sitio de los sucesos en el mismo vehículo en que se condujo al jurado, acompañado de la persona designada por la corte para que sirviera de guía al jurado privándole así el derecho a estar presente durante una parte importante del juicio; 2, al denegar como denegó la moción en arresto del veredicto y de nuevo juicio; 3, al no resolver a tiempo la moción del acusado para que se retirara al jurado, mientras se impugnaba por la defensa la manifiesta improcedencia del '*opening address*' del fiscal; 4, al denegar las instrucciones de la defensa; 5, al nombrar a un testigo de El Pueblo, quien era menor de edad, para que mostrase al jurado el sitio de los sucesos y al no considerar a un testigo de la defensa o a una persona extraña al caso, y 6, al permitir que la persona designada . . . declarara ante los señores del jurado de cómo sucedieron los hechos, violando así los derechos constitucionales del acusado."

El primero y quinto de dichos señalamientos de error carecen de méritos. En el reciente caso de *Pueblo* v. *Cruz,* 60 D.P.R. 116 esta Corte Suprema, después de considerar ampliamente la cuestión, estableció las reglas generales que deben prevalecer al llevarse a cabo una inspección ocular en un proceso criminal y se resolvió que, de acuerdo con el artículo 258 del Código de Enjuiciamiento Criminal el

juez tiene discreción para nombrar a un testigo para que muestre al jurado el sitio de los sucesos y que una inspección celebrada en ausencia del acusado no infringe la garantía constitucional contenida en el artículo 2 de nuestra Ley Orgánica.

Del récord en el caso de autos aparece que el acusado y sus abogados estuvieron presentes en la inspección ocular. El hecho de que ellos no fueran llevados al lugar de la inspección en el mismo vehículo que el jurado, en forma alguna puede interpretarse en el sentido de que se les privó del derecho de estar presentes durante una parte importante del juicio. No aparece del récord que el acusado solicitara de la corte ser llevado en el mismo vehículo y que le fuera denegado; pero aún cuando así apareciera no se hubiera cometido el primer error. Tampoco el quinto de acuerdo con lo resuelto en el caso de *Pueblo* v. *Cruz,* supra.

El abogado del apelante en su alegato se limita a exponer el segundo error y en lo que titula "Discusión" dice: "Para la discusión de estos errores respetuosamente referimos la atención del tribunal a las páginas 273–295 de la Transcripción de la Evidencia", y alega que por lo que allí aparece, "la corte actuó con pasión, perjuicio (*sic*) y parcialidad al no concluir que Mérida González hizo manifestaciones altamente perjudiciales al acusado en presencia del jurado."

Esta no es la forma de hacer un señalamiento de error ante esta corte. No estamos obligados a revisar veintidós páginas de la transcripción de evidencia sin que el abogado haya primeramente especificado en qué consiste el alegado error que imputa a la corte inferior. *Fabelo* v. *Quintana Reyes,* 53 D.P.R. 85. Tiene razón el fiscal de esta corte al decir en su alegato lo siguiente:

"No hay señalamiento específico en este alegado error que nos pueda orientar para saber exactamente cuál es la contención del apelante. La transcripción de evidencia, en la parte a que nos refiere el apelante, tiene más de veinte páginas. La moción *mixta* en

'arresto del veredicto' y concesión de nuevo juicio consta de nueve apartados (el último subdividido en cuatro partes) y siete de ellos imputan errores a la corte inferior, sin que el apelante discuta o argumente ante este tribunal dichas cuestiones, dentro de este amplísimo señalamiento de error. No sabemos qué punto específico refutar, y no creemos que tenga derecho el apelante a que se considere este alegado error, sin una adecuada presentación al tribunal en su alegato, con los argumentos en pro del alegado error cometido, ni a que por una mera referencia a la transcripción de evidencia, tenga este tribunal y la parte apelada que repasar todas y cada una de las cuestiones planteadas en la moción presentada a, y resuelta por la corte inferior, y cada una de las resoluciones (*rulings*) con relación a cada uno de esos puntos. (*Pueblo* v. *Lamboy,* 38 D.P.R. 230, 237.)''

El tercer error también carece de fundamento. Es cierto que el acusado objetó ciertas manifestaciones hechas por el fiscal al presentar su caso al jurado al comenzar el juicio y solicitó que la corte instruyera al jurado para que no las tomara en consideración. Aparece del récord que ambas partes argumentaron la cuestión y que la corte la resolvió a favor del acusado y dió la instrucción solicitada (T. de E., págs. 40 a 49). La corte no se negó a retirar al jurado y si éste permaneció en sala unos momentos se debió a que no se solicitó hasta después que las partes habían comenzado a argumentar la cuestión legal planteada. Habiendo sido ésta resuelta a favor de la defensa no vemos cómo pudo perjudicarle el hecho de que el jurado permaneciera en sala unos instantes, habida cuenta de la instrucción de la corte al efecto de que no debería tomar en consideración las manifestaciones del fiscal.

El cuarto señalamiento es al efecto de que la corte erró al denegar las instrucciones de la defensa. El apelante, al igual que en el segundo señalamiento, tampoco argumenta este error pues se limita a referirnos a las instrucciones enumeradas I, III, IV y V que aparecen en el legajo de la sentencia. Hemos leído dichas instrucciones y bastará con decir que su denegación estuvo justificada pues ya la corte las había incluído en sus instrucciones generales al jurado.

Sí discute el apelante un extremo que no incluyó en el error señalado. Sostiene que el juez sentenciador se excedió en sus poderes legales al recalcar en sus instrucciones al jurado que tomaran en consideración el interés "nada normal" del acusado al declarar en su propia defensa.

No comprendemos cómo el abogado del apelante hace una aseveración de esta naturaleza pues lo dicho por el juez fué todo lo contrario a lo expuesto por él. La frase usada en la instrucción al referirse al interés que puede tener un acusado al declarar como testigo fué que "es un interés natural y nada *anormal*", y termina diciendo: "Por el hecho de que él declare y tenga interés, no deben descartar su testimonio. . . ."

█ El último señalamiento de error se refiere a haber permitido la corte inferior que la persona designada para mostrar el sitio de los sucesos declarara ante el jurado de cómo sucedieron los hechos. El apelante se concreta, para discutir este error, a copiar lo siguiente de la transcripción de evidencia:

"Vuelvo a tomarle juramento de nuevo a la señorita Mérida González. ¿Jura usted decir la verdad y nada más que la verdad de lo que sepa y se le pregunte en esta inspección ocular por los señores del jurado y por el Juez?

"Srta. Mérida González: Sí, señor.

"¿El día 25 de enero de 1942, estaba usted aquí?

"Sí, señor.

"Dígale a los señores del jurado dónde estaba usted. Aquí arrinconada.

"¿Junto a la verja? Sí, señor. Con el nieto de don Eladio Ayala al lado derecho mío.

"¿Frente al portón de entrada? Sí, señor.

"¿Estaba esa noche en las mismas condiciones? Estaba oscuro.

"¿El terreno? ¿Cómo estaba la tierra; la carretera, la zanja? Ahora está lleno de gente.

"¿Cómo estaba el terreno? Estaba en esas mismas condiciones.

"¿Los señores del jurado, que están viendo el terreno quieren hacer alguna pregunta?

"Jurado Sr. Marcelino Santos: ¿El grupo, dónde estaba?

"Lic. Frank Torres: Todo esto con nuestra oposición.

"Testigo: Aquí.

"No conteste la pregunta. Que se entienda objetado todo el interrogatorio que le ha hecho la Corte a la persona designada, o sea, a la señorita Mérida González. Que se entiendan objetadas todas las preguntas que se le hagan a esta señorita, no importa de quien provengan, con referencia a la situación física de donde estaban las personas, por el fundamento de que esta persona no es un testigo que está declarando en el juicio formal de este caso, y de declarar, ella impresionaría a los jurados, en contra de los derechos sustantivos del acusado. Y no vamos a repreguntar.

"Juez: Podrá repreguntar la defensa con respecto a esas preguntas.

"Lic. Frank Torres: Hemos objetado, y entendemos que si repreguntáramos, renunciaríamos al derecho de nuestra objeción. Nuestra objeción es que ésta es una testigo que aparece como testigo del Pueblo."

Limitándonos a considerar lo anteriormente transcrito, que es a lo que nos llama específicamente la atención el apelante, podríamos decir que la testigo se limitó a contestar varias preguntas que le hizo el juez en cuanto al sitio donde ella estaba la noche de los sucesos; que la noche estaba oscura y que el terreno estaba en las mismas condiciones; y que su declaración en nada pudo perjudicar al acusado. Empero, leyendo toda el acta de la inspección ocular (T. de E., págs. 251 a 260) es cierto que al preguntársele por un jurado en qué sitio estaba parada la guagua la testigo contestó: "La guagua estaba para allá arriba. Dejó al señor Ayala aquí, y el carro salió a la brea y fué a parar allá. *El carro pasó a una velocidad exagerada*"; pero la corte le indicó a la testigo que no podía declarar "sobre los hechos del caso" (T. de E., págs. 255–57). El abogado defensor se negó a repreguntar a la testigo. Al volver a la sala de sesiones la corte dió la siguiente instrucción al jurado:

"Hemos regresado de la inspección ocular con respecto a este caso. La Corte quiere advertirles a los señores del jurado, que de la inspección ocular deberán tomar en consideración aquella parte de las manifestaciones de la persona que designó la Corte para ilustrar a

los señores del jurado que se refiere a la topografía del terreno, y a las personas y cosas que estaban allí. Si alguna cosa se dijo, que no .fuera ésa.; por ejemplo, aquella manifestación a preguntas de un. jurado, que el automóvil iba a una velocidad exagerada, eso lo deberán eliminar por completo y no tomarlo en consideración. Como, si no se hubiera dicho.''

En el caso de *Pueblo* v. *Cruz,* supra, resolvimos que: ''cualquier ligera desviación del procedimiento en lo que respecta a la inspección ocular'' no perjudica los derechos. sustanciales de un acusado. En el de autos si bien es cierto que la testigo Mérida González al estar mostrando el lugar del suceso manifestó que el automóvil pasó a una velocidad exagerada, también lo es que la corte inmediatamente le prohibió que declarara sobre los hechos del caso e instruyó al jurado que no tomara en consideración lo manifestado por la testigo al efecto. No hubo perjuicio para el acusado.

Habida cuenta de las deficiencias del alegato del apelante hemos tenido que indagar por nuestra cuenta, siguiendo las indicaciones contenidas en el alegato del fiscal, si la corte inferior incurrió en los errores imputados. Reiteramos lo dicho en los casos de *Pueblo* v. *Lamboy,* y *Fabelo* v. *Quintana Reyes,* supra, pues los abogados deben ajustarse al cumplimiento de las reglas 42 y 43 de nuestro Reglamento.

*Se confirma la sentencia apelada.*